UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DEMARKUS BRADLEY, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:20CV640TSL-RPM

VIKING INSURANCE COMPANY
OF WISCONSIN                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

       This cause is before the court on the motion of plaintiff

Demarkus Bradley to dismiss defendant Viking Insurance Company

of Wisconsin's (Viking) counterclaim for declaratory judgment.

Viking has responded in opposition to the motion, and the court,

having considered the memoranda of authorities submitted by the

parties, concludes that the motion is not well-taken and should

be denied.

       Background

       On April 6, 2018, plaintiff Bradley was injured in an

automobile accident when the vehicle he was driving, a 2007

Chevy Impala, was struck by an uninsured motorist.  At the time

of the accident, the Impala was insured under a policy issued by

Viking to Bradley's mother, Angela Hawkins, which included

uninsured/underinsured motorist (UM) bodily injury coverage of

$25,000 per person/$50,000 per occurrence.  Bradley, as a

"relative" living in his mother's household, met the policy

1

definition of "insured person" for purposes of the policy's UM coverage.[1]  However, Viking denied Bradley's claim for UM benefits, asserting he was not covered under the policy because his mother, at the time of her initial application and on subsequent renewals, failed to disclose that Bradley was a resident of her household and a regular operator of her insured vehicles, despite provisions in the application and policy requiring such disclosure and excluding coverage for persons not properly disclosed.  Specifically, the application (which was incorporated in and made a part of the policy) recites:

> I understand that I must report all persons of legal driving age or older who live with me temporarily or permanently, including all children at college.  I understand that I must report all persons who are regular operators of any vehicle to be insured, regardless of where they reside.

Viking took the position that the failure to disclose Bradley was a material misrepresentation, which supported its denial of coverage.  Viking further asserted as a basis for denial a provision of the policy purporting to exclude UM coverage "for bodily injury sustained by an **insured person** … [w]hile your **insured car** is being operated by a **regular operator** who was not

---

[1]    The policy stated, "We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle."  The policy defined "Insured Person" for purposes of UM coverage to include "[a] relative"; the policy, in turn, defined "relative" to mean "a person living in [the named insured's] household."

2

reported to **us**.  The **regular operator** must be reported on the original application for insurance or otherwise disclosed to **us** and listed on your Declarations Page before the accident."[2]

<u>Bradley's Complaints</u>

Bradley has brought the present action asserting claims for bad faith breach of contract, negligence and gross negligence, based on allegations that the policy provisions on which Viking relied to deny his claim violate the Mississippi Uninsured Motorist Act, Mississippi Code § 83-11-101 *et seq.,* and thus are invalid and unenforceable, making Viking's denial of his claim wrongful.  He notes that the Act's definition of "insured" expressly includes a resident relative of the named insured, <u>see</u> Miss. Code Ann. § 83-11-103(b),[3] and he points out that well-established Mississippi law bars an insurer from diminishing the

---

[2]   The policy defined "regular operator" to mean "any person of legal driving age or older and a resident of your household. Regular operator also means any person who drives your insured car while it is furnished or available for their regular use." Testimony of Bradley and his mother in their examinations under oath established that Bradley was a "regular operator" of the cars insured under the policy.

[3]   The statute defines insured to mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above.

UM coverage required by statute, <u>Guardianship of Lacy v. Allstate Ins. Co.</u>, 649 So. 2d 195 (Miss. 1995).  <u>See also Dunnam v. State Farm Mut. Auto. Ins. Co.</u>, 366 So. 2d 668, 670 (Miss. 1979) (holding that "if the provisions of an insurance policy conflict with the statute, the statutory provisions prevail and are incorporated into the policy").  Policy provisions that conflict with the Act's requirements are void.  <u>See Godwin v. United States</u>, No. 3:14CV391-DPJ-FKB, 2016 WL 6127405 (S.D. Miss. 2016) (concluding that policy's unnamed-driver exclusion was void as against public policy because it conflicted with Uninsured Motorist Act's statutory definition of "insured").

In his original complaint, Bradley demanded actual and punitive damages for Viking's alleged bad faith denial of his claim and also sought declaratory and injunctive relief in his individual capacity.  He also purported to sue on behalf of Viking policyholders in Mississippi, California, Colorado, Minnesota, New York, Oregon, Pennsylvania, South Carolina, Utah, Washington, and Wisconsin to obtain "injunctive or corresponding declarative relief providing coverage for those … policyholders [in all of these states] which are covered under their state's uninsured motorist statute, but which the Viking policy seeks to restrict unlawfully."  Shortly after filing suit, Bradley's mother allowed her Viking policy to lapse.  Viking's counsel reportedly informed Bradley via e-mail that since the subject

policy was no longer in effect, Viking would be seeking dismissal of Bradley's individual and class claims for declaratory and injunctive relief for lack of standing by a motion that would be identical to one Judge Daniel P. Jordan had recently granted in another case, Ihrig v. ACCC Ins. Co., No. 3:19-CV-428-DPJ-FKB, 2020 WL 1644988, at *1 (S.D. Miss. Apr. 2, 2020).  In light of Judge Jordan's ruling in Ihrig, discussed infra, Bradley concluded he lacked standing to pursue claims in this action for declaratory and injunctive relief, so he filed an amended complaint withdrawing those claims.  Viking answered his amended complaint, both denying that its rejection of his claim was wrongful and asserting a counterclaim for a declaratory judgment that "no insurance coverage existed under the terms and conditions of the subject Viking policy which would provide coverage to Demarkus Bradley for the April, 2018, accident."

Bradley has now moved to dismiss Viking's counterclaim, contending that for the same reason he lacks standing to pursue a claim for injunctive or declaratory relief, as explained in Ihrig, Viking also lacks standing to seek a declaratory judgment as to coverage.  The court has considered his argument and concludes that Bradley's objection to Viking's standing is unfounded.

5

Standing Principles and Analysis

Under Article III of the Constitution, federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a "case or controversy." Okpalobi v. Foster, 244 F.3d 405, 425 (5th Cir. 2001). To satisfy the "case or controversy" requirement, and thus to have standing, "[a] plaintiff must show: (1) an injury in fact to the plaintiff that is concrete, particularized, and actual or imminent; (2) the injury was caused by the defendant; and (3) the injury would likely be redressed by the requested judicial relief." Texas Democratic Party v. Abbott, 978 F.3d 168, 178 (5th Cir. 2020) (citing Thole v. U. S. Bank N.A., --- U.S. ---, 140 S. Ct. 1615, 1618, 207 L. Ed. 2d 85 (2020)).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "But the Declaratory Judgment Act does not vest the federal courts with jurisdiction broader than Article III's 'case or controversy' limitation." Waller v. Hanlon, 922 F.3d 590, 603 (5th Cir. 2019). See also Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) ("The 'actual controversy' required under 28 U.S.C. § 2201(a) 'is identical to the meaning of "case or controversy" for the purposes of Article

6

III.'") (quoting <u>Lawson v. Callahan</u>, 111 F.3d 403, 405 (5th Cir. 1997)).  "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." <u>Bauer</u>, 341 F.3d at 358.  "To obtain [declaratory] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."  <u>Id.</u>

In <u>Ihrig</u>, the policyholder's daughter's claim for UM benefits was denied based on a provision which "exclude[d] [resident] family members … of the insured as … 'covered person[s]' for purposes of uninsured motorist coverage if they are not named on the declarations page or added by endorsement." 2020 WL 1644988, at *1.  As in the case at bar, the plaintiff (who was represented by the same counsel as Bradley) asserted individual claims for bad faith breach of contract, among others, and also asserted class claims for declaratory and injunctive relief on behalf of the defendant insurer's policyholders in Mississippi and seven other states.  <u>Id.</u>  The defendant moved to dismiss the individual and class claims for injunctive and declaratory relief, contending that Ihrig lacked standing because her mother was no longer an ACCC policyholder.

In response, the plaintiff conceded she lacked standing to seek injunctive relief but maintained that she did have standing to pursue declaratory relief.  Judge Jordan reasoned that because she was seeking "'equitable relief for [a] past wrong[],' i.e., the denial of her claim for uninsured motorists' coverage under her mother's policy – a wrong for which she also [sought] compensatory damages," but she admittedly faced no "immediate threat of repeated injury" as her mother was no longer an ACCC policyholder, she thus lacked standing to assert a claim for declaratory relief.  Id. at 2.

Bradley acknowledges that based on the court's ruling in Ihrig, he lacks standing to seek equitable relief, but he submits that for the same reasons *he* lacks standing to pursue such relief, Viking also lacks standing on its counterclaim for declaratory relief.  However, unlike Bradley, Viking is not seeking declaratory relief based on a past wrong; rather, it is seeking a declaration that its denial of coverage was proper and that no benefits are owed to Bradley under the policy.  When faced with claims for coverage, or actions or threatened actions for breach of contract for denying coverage (with such claims or threats often being accompanied by demands for punitive damages for wrongful denial), insurance carriers routinely bring declaratory judgment actions to determine questions of insurance coverage.  See, e.g., Allstate Prop. & Cas. Ins. Co. v. Pickett,

No. 5:12CV157-DPJ-FKB, 2014 WL 202758, at *2 (S.D. Miss. Jan.
17, 2014) (granting insurer's request for declaration that its
insurance policy did not provide coverage for damages sought in
underlying lawsuit); Progressive Gulf Ins. Co. v. Smith, No.
106CV1217-HSO-JMR, 2008 WL 2129390, at *4 (S.D. Miss. May 15,
2008) (finding court had jurisdiction to consider merits of
insurer's request for declaratory judgment and observing that
"[t]he Fifth Circuit has adopted and utilized declaratory
judgments to adjudicate questions regarding insurance
coverage.") (citing Allstate Ins. Co. v. Pierce, 271 Fed. Appx.
416 (5th Cir. 2008).  As long as there is an unresolved issue of
coverage, the insurer faces a threat of economic harm, and a
request for declaratory relief is typically the only avenue of
redress available to an insurer to secure an adjudication of the
parties' respective rights and liabilities under a policy.  An
insurer's standing to bring a declaratory judgment action to
determine coverage is rarely questioned and consistently
confirmed when challenged.  See Allied Professionals Ins. Co. v.
Anglesey, 680 F. App'x 586, 587 (9th Cir. 2017) (holding that
"an insurer has standing to seek declaratory relief in a
coverage dispute with its insured" as "a dispute between an
insurer and its insureds over the duties imposed by an insurance
contract satisfies Article III's case and controversy
requirement."); Nationwide Affinity Ins. Co. of Am. v. Richards,

9

439 F. Supp. 3d 1026, 1033 (W.D. Tenn. 2020) (holding that insurer had standing to seek declaratory judgment that policy did not provide UM coverage to plaintiffs:  there was an actual controversy over coverage; the insurer faced significant possibility of future harm that was imminent, concrete, and particularized; the harm was fairly traceable to the claimant's suit against them; and a declaration about the insurer's responsibility to provide coverage would redress that injury); Motsinger v. Nationwide Mut. Ins. Co., 920 F. Supp. 2d 637, 643 (D.S.C. 2013) (concluding that insurer satisfied standing requirements of Article III and Declaratory Judgment Act and was "within its rights to bring [declaratory judgment action] as a valid counterclaim in order to determine" its obligations as to policy's UM coverage); Gov't Employees Ins. Co. v. Dizol, 176 F. Supp. 2d 1005 (D. Haw. 2001) (holding that insurer had standing to bring declaratory judgment action seeking declaration of no UIM coverage over insured; insurer was threatened with injury as it was sought to be held liable for benefits under policy).

For these reasons, the court concludes that Viking has standing to pursue its counterclaim for declaratory relief.  The court will therefore deny Bradley's motion to dismiss the counterclaim for lack of standing.

Bradley has requested that in the event the court allows Viking to seek declaratory relief, the court allow him to amend

his complaint to reassert his individual and class claims for declaratory judgment and injunctive relief.  That request will be denied.  Any claim for injunctive or declaratory relief on behalf of a class of Viking insureds would necessarily be prospective, or forward-looking, and as Bradley's mother is no longer a policyholder, he faces no threat of future injury and cannot therefore seek equitable relief for a class.  For the same reason, he obviously has no standing to seek injunctive relief for himself.

Further, even if Bradley arguably had standing as to his individual claim for declaratory relief, the court, in its discretion, would decline to exercise jurisdiction over the claim.  It is within a district court's discretion whether it is appropriate to exercise jurisdiction in a declaratory relief action based on diversity.  See Wilton v. Seven Falls Co., 515 U.S. 277, 288-89, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right upon a litigant" so that district court has discretion to stay or dismiss an action seeking declaratory judgment).  "District courts generally dismiss claims for declaratory judgment that are duplicative and add nothing to the action."  Liberty Ins. Corp. v. Arch Ins. Co., No. 4:20-CV-098-A, 2020 WL 3065523, at *3 (N.D. Tex. June 8, 2020).  See also Perry v. H.J. Heinz Co.

Brands, LLC, No. CV 19-280, 2019 WL 2423231, at *3 (E.D. La.
June 10, 2019) (observing that "[c]ourts in the Fifth Circuit
regularly reject declaratory judgment claims seeking the
resolution of issues that will be resolved as a part of the
claims in the lawsuit.")(citing Am. Equip. Co. v. Turner Bros.
Crane & Rigging, LLC, 2014 WL 3543720, at *4 (S.D. Tex. July 14,
2014) (citing cases); Butta v. GEICO Cas. Co., 400 F. Supp. 3d
225, 233 (E.D. Pa. 2019) (holding that to the extent the
plaintiff sought declaration that he was entitled to recover UM
benefits under his parents' policy, his claim for declaratory
judgment was duplicative of his claim for breach of contract).
Bradley has sued Viking for breach of contract, demanding
coverage for his claim and payment of policy benefits.  His
claim for declaratory relief avails him nothing, as he can
attain full relief on his breach of contract claim.[4]

Based on the foregoing, it is ordered that plaintiff's
motion to dismiss is denied.

SO ORDERED this 22nd day of February, 2021.


                                   /s/Tom S Lee
                                   UNITED STATES DISTRICT

_____

[4]    It may be that defendant's counterclaim for declaratory
relief is also duplicative of plaintiff's substantive claim for
breach of contract, but plaintiff has not sought dismissal on
this basis.